UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FELIX G. MISCH,

          Plaintiff,

    v.

REAL TIME RESOLUTIONS INC., et al.,

          Defendants.

Case No. C24-0936-SKV

ORDER

        The complaint in this matter was filed by Plaintiff Felix G. Misch on June 26, 2024. Dkt. 1. On August 1, 2024, a declination of consent form was issued to the parties, Dkt. 18, and on August 19, 2024, the parties consented to proceed before the undersigned judge. Dkt. 23. On October 10, 2024, counsel for Plaintiff filed a suggestion of death, indicating that Plaintiff Felix G. Misch had passed away on October 9, 2024. Dkt. 34. The parties then filed a joint stipulated motion to continue the trial and all pretrial deadlines. Dkt. 35. The Court granted the parties' motion, and the deadlines were continued. Dkt. 38.

        Under Federal Rule of Civil Procedure 25,

> [i]f a party dies and the claim is not distinguished . . . [a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90

ORDER - 1

days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The deadline for a motion for substitution of a new plaintiff was January 8, 2025. No such motion was made, and the Court entered an order dismissing this matter with prejudice on January 15, 2025. Dkt. 40.

On January 27, 2025, Plaintiffs' counsel filed a motion to reverse the dismissal pursuant to Federal Rules of Civil Procedure 6(b) and 72(b)(3) as well as Local Magistrate Judge Rules 12(c) and 4(c). Dkt. 41. In the motion, Plaintiff's counsel requests the Clerk of Court to refer this matter to a district court judge for review pursuant to LMJR 12(c) and FRCP 72(b)(3). Dkt. 41 at 1. Counsel further requests relief in the form of an order from a district court judge that returns the matter to the undersigned "with instructions to strike the dismissal with prejudice, reopen the case, and give the parties a reasonable deadline to submit a request for further continuance based on the District Court findings here." *Id.* at 1-2.

Neither rule cited by Plaintiff's counsel applies to this case. As such, the Court construes the motion as one for reconsideration under LCR 7(h). *See* Local Civil Rule 7(h). Defendants are accordingly **ORDERED** to file a response to the motion by **February 12, 2025**. In their response, Defendants shall address the arguments made by Plaintiff's counsel in his motion, Dkt. 41, regarding excusable neglect and whether Defendants will suffer any prejudice if this matter is reopened. The Court's courtroom deputy, Stefanie Prather, will reach out to the parties via email to schedule a hearing for oral argument.

The Clerk is directed to re-note the motion, Dkt. 41, for February 12, 2025, and to send

///

///

///

ORDER - 2

1  copies of this order to the parties.

2  Dated this 29th day of January, 2025.

*[signature]*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER - 3