UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FELIX G. MISCH,

    Plaintiff,

 v.

REAL TIME RESOLUTIONS INC., et al.,

    Defendants.

Case No. C24-0936-SKV

ORDER

This matter is before the Court on Plaintiff's "objection" to the Court's order dismissing the case with prejudice. *See* Dkts. 40, 41. The Court reconstrued Plaintiff's filing as a motion for reconsideration pursuant to Local Court Rule 7(h) and ordered Defendants Real Time Resolutions Inc. and Deutsch Bank National Trust Company (collectively, "Defendants") to respond to the motion.[1] *See* Dkt. 44. Defendants timely responded. Dkts. 47, 48.

---

[1] Plaintiff's motion, Dkt. 41, demonstrated an understanding of this District's Local Civil Rules that is plainly deficient. Under LCR 83.3(a)(1), attorneys practicing in this district shall be familiar and comply with the local rules of this District. Going forward, the Court expects Plaintiff's counsel to adhere to this standard. Moreover, Plaintiff repeatedly refers to the undersigned as "the magistrate" in his motion. Congress adopted the title of "United States Magistrate Judge" several decades ago. Federal Courts Study Implementation Act of 1990, Pub. L. No. 101-650, § 321 (1990). In future filings, Plaintiff should use the appropriate title: Magistrate Judge.

ORDER - 1

"Local Rule 7(h) is the functional equivalent of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e)." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash. 2010). Although Rule 59(e) allows a district court to reconsider and amend a previous order, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citations omitted). Amending an order under Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citation omitted). Although motions for reconsideration are disfavored, whether to grant relief under such a motion "is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003)) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

While from a legal perspective the Court's order dismissing this matter was sound, this case presents unusual circumstances. Mr. Felix G. Misch, the plaintiff in this matter, passed away on October 9, 2024. Dkt. 34. His counsel filed a suggestion of death the next day. *Id.* That notice started the clock for purposes of Federal Rule of Civil Procedure 25, which allows for a motion to substitute by a decedent party's successor within 90 days after service of a statement noting that party's death. Fed. R. Civ. P. 25(a)(1). The deadline for Plaintiff's counsel to move for substitution of a new plaintiff was thus January 8, 2025.

On October 11, 2024, the parties filed a stipulated motion to extend the trial and pretrial deadlines by at least 90 days to allow "sufficient time to open probate and proceed with the case." Dkt. 35 at 2. The Court granted the parties' request, and the case deadlines were

continued accordingly. Dkt. 38. Under the new deadlines, trial is set for March 2, 2026. *Id.* The earliest deadline in the Court's order is the deadline to join parties on March 3, 2025. *Id.*

Plaintiff's deadline to move for substitution under Rule 25 passed and no such motion was made. Accordingly, the Court entered an order dismissing this case with prejudice on January 15, 2025. Dkt. 40. Twelve days later, Plaintiff's counsel filed the objection to the dismissal, which the Court construed as a motion for reconsideration. Dkts. 41, 44. In his filing, Plaintiff's counsel explains his failure to move for an extension of the Rule 25 deadline stemmed from a misunderstanding of the Court's order granting the parties' stipulation to extend deadlines. Dkt. 41. He argues he believed the new joinder deadline constituted the deadline for Rule 25 purposes as well, and this misguided belief prevented him from filing a timely motion to extend. *Id.* at 6. Plaintiff contends his misinterpretation of the Court's order was in good faith, *id.* at 6-7, and no evidence is before the Court to suggest otherwise.

In its order reconstruing Plaintiff's objection as a motion for reconsideration, the Court directed Defendants to respond to the motion and to specifically address what prejudice, if any, they will suffer if this matter is reopened. In their respective responses, Defendants argue they will be prejudiced by reopening this case but fail to explain how a relatively minor delay caused by the case being dismissed and reopened shortly thereafter will cause them any harm. *See* Dkts. 47, 48. Rather, their arguments suggest they should not be forced to litigate this case in the first place for substantive reasons better addressed in the course of litigation. *Id.*

As Plaintiff's counsel argues, the 90-day deadline in Rule 25 "may be extended by Rule 6(b), including after its expiration if the party failed to act due to 'excusable neglect.'" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017). Moreover, "the 'history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a

bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Id.* (citations omitted). The Court finds that under these unusual circumstances, particularly where Defendants have not demonstrated meaningful prejudice and no case deadlines have passed in the short time since the order of dismissal was entered, it would be manifestly unjust to allow the order of dismissal to stand and to not grant Plaintiff's requested relief.

Furthermore, Defendants point out that Rule 60 of the Federal Rules of Civil Procedure also permits courts to "relieve a party or its legal representative from a final judgment, order, or proceedings." Fed. R. Civ. P. 60(b)(1). Under this standard, courts likewise have broad discretion to grant relief. *See Casey v. Albertson's Inc*, 362 F.3d 1254, 57 (9th Cir. 2004) ("Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion.") (citing *S.E.C. v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001)). Rule 60 goes even further than LCR 7(h), however, in that it also provides "mistake" as a basis for relief. Under either standard, therefore, the Court finds it appropriate to grant Plaintiff's requested relief and reopen this matter for litigation on the merits.

In his motion for reconsideration, Plaintiff's counsel suggests an additional continuance of 90 days to allow time for probate to be opened, with the understanding that he will file a motion to substitute the decedent Plaintiff's successor as soon as possible. *See* Dkt. 41 at 5. However, in the motion, Plaintiff's counsel fails to seek an extension of the Rule 25 deadline, which is necessary for this case to proceed. Nevertheless, the Court finds a 90-day extension of the Rule 25 deadline appropriate for the reasons discussed in this order. The Court additionally finds it appropriate to stay this matter for a period of 90 days, or until a Rule 25 motion for substitution is made. As such, the Court hereby holds:

1. Plaintiff's motion for reconsideration, Dkt. 41, is GRANTED. This case shall be reopened and the Rule 25 deadline is extended to **May 13, 2025**.

2. Once reopened, this case shall be STAYED through **May 13, 2025**. Plaintiff's counsel shall file a motion to lift the stay and substitute the decedent Plaintiff's successor as plaintiff under Rule 25 as soon as possible.

3. Within **ten days** of the date of an order lifting the stay and granting Plaintiff's Rule 25 motion to substitute, the parties shall file a stipulated proposed scheduling order.

4. The oral argument hearing on this motion currently scheduled for February 24, 2025, is STRICKEN as moot.

5. Plaintiff's motion for extension of time to appeal, Dkt. 45, is also STRICKEN as moot.

The Clerk is directed to reopen and stay this case. The clerk is further directed to send copies of this order to the parties.

Dated this 12th day of February, 2025.

S. KATE VAUGHAN
United States Magistrate Judge