1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8   DANIEL MACRAE-MISCH,

9                          Plaintiff,            Case No. C24-0936-SKV

10         v.                                    ORDER GRANTING DISMISSAL AS
                                                 TO DEUTSCHE BANK NATIONAL
11  REAL TIME RESOLUTIONS INC., ET               TRUST COMPANY
    AL.,
12
                           Defendants.
13

14

15         Before the Court is Defendant Deutsche Bank National Trust Company's ("DBNTC")

16  Motion to Dismiss Plaintiff Daniel Macrae-Misch's ("Plaintiff") claims under Federal Rule of

17  Civil Procedure 12(b)(6).  *See* Dkt. 57.  For the reasons below, the Court GRANTS the motion

18  and DISMISSES Plaintiff's claims against DBNTC without prejudice.

                              I.        BACKGROUND
19
           The events giving rise to this action involved Plaintiff's father, Mr. Felix Misch ("Mr.
20
    Misch").  In 2007, Mr. Misch purchased a home with financing from American Home Mortgage
21
    ("AHM").  *See* Dkt. 1 at 4.  Plaintiff alleges that, prior to closing, AHM sent Mr. Misch final
22
    loan documents for review.  *See id.*  The offer was for a thirty-year, fixed-rate loan of
23
    $336,000.00.  *See id.*  After approving that loan, Mr. Misch set a closing date.  *See id.*  At

closing, Plaintiff alleges that the escrow company instructed Mr. Misch to sign the closing documents where it had placed "sign here" sticky notes and that nobody disabused him of the idea that he was signing the loan previously sent to him for approval. *See id.* AHM went bankrupt shortly thereafter. *See id.* at 5. Plaintiff alleges that Mr. Misch then proceeded to pay monthly mortgage payments save for a two-year period not at issue in this litigation. *See id.*

In 2021, Mr. Misch applied for a reverse mortgage to access his home equity. However, the prospective title insurance company discovered a lien on his home and required a cash deposit to proceed. *See id.* Mr. Misch could not afford the deposit, and his application was ultimately denied. *See id.* at 5–6.

Plaintiff alleges that, after discovery of the second loan, Mr. Misch contacted the loan's servicer, Real Time Resolutions, Inc. ("RTR"), for more information and to discuss his options. *See id.* at 6. He alleges that RTR informed Mr. Misch that "any substantial negotiation" was off the table because it could receive all funds due by foreclosing on his home. *See id.* Plaintiff further alleges that Mr. Misch communicated with RTR between 2021 and January 2024 regarding the debt without reaching a resolution. *See id.* at 6–9. Mr. Misch also sent a request for information to DBNTC, the trustee for the holder of his second loan, American Home Mortgage Asset Trust 2007-3 ("AHMAT 2007-3"). *See id.* at 2–3, 9.

Plaintiff alleges that, "[u]nknown to [Mr. Misch] his single mortgage loan was split into a 'first' 30-year adjustable rate loan of $268,800 and a 'second' 15-year term loan of $67,200, with a balloon payment." *Id.* at 5. He further alleges that, in the fourteen years between Mr. Misch purchasing the property and the title insurer's lien discovery, Mr. Misch was not aware that he had a second mortgage. *See id.* at 6. Per Plaintiff, "RTR never provided [Mr. Misch] any notices of any servicing transfers, nor any monthly statements, and no indication of the existence

of the second loan or its servicing." *Id.* at 13. Plaintiff states that, "[a]fter fourteen years without servicing the second loan, RTR caused the loan balance to grow to $198,412.82 by July 8, 2023, or almost three times the original amount." *Id.* at 10. Plaintiff claims the undisclosed split loan and attempts to recover time-barred debt caused Mr. Misch emotional distress, financial uncertainty, economic loss, and attorneys' fees and deprived him the opportunity to access his home equity in a time of need. *See id.* at 10–11.

Mr. Misch sued DBNTC and RTR for violations of the Washington Consumer Protection Act, Washington Collection Agency Act, Washington Distressed Property Conveyances Act, Washington Consumer Loan Act, U.S. Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act ("RESPA"), and Truth in Lending Act, as well as for negligence and slander of title. *See id.* at 12–40. On October 9, 2024, Mr. Misch passed away. *See* Dkt. 34. The Court subsequently granted Mr. Daniel Macrae-Misch leave to substitute as plaintiff. *See* Dkt. 55. DBNTC then moved to dismiss this case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 57.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires plaintiffs to set out "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Defendants may move to dismiss claims pursuant to Rule 12(b)(6) on grounds that the complaint falls short of Rule 8's pleading standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550

U.S. at 557).

On a Rule 12(b)(6) motion, the Court's "review is limited to the complaint, materials

incorporated by reference into the complaint, and matters of which . . . [the Court] may take

judicial notice." *Mauia v. Petrochem Insulation, Inc.*, 5 F.4th 1068, 1071 (9th Cir. 2021) (citing

*Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020)). The Court "accept[s]

as true all facts alleged in the complaint and construe[s] them in the light most favorable to

plaintiff[ ], the non-moving party." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122

(9th Cir. 2019) (third alternation in original) (quoting *Snyder & Assocs. Acquisitions LLC v.

United States*, 859 F.3d 1152, 1157 (9th Cir. 2017)). However, the Court need not "accept as

true allegations that contradict exhibits attached to the Complaint or matters properly subject to

judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or

unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)

(citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)).

III.   <u>ANALYSIS</u>

DBNTC moves to dismiss Plaintiff's claims because the Complaint contains no

allegations regarding DBNTC's conduct and on grounds that Plaintiff lacks standing, brings

time-barred claims, and fails to plead facts sufficient to establish the elements of his claims. *See*

Dkt. 57 at 1, 5. Plaintiff opposes, arguing an agency relationship between DBNTC and RTR

exists and is sufficient to trigger joint and several and vicarious liability for DBNTC based on RTR's alleged acts and omissions. Dkt. 61 at 8–9, 17. The Court starts—and necessarily ends—with a review of the facts pled.

The Complaint contains many factual allegations regarding RTR but only two regarding DBNTC. First, Plaintiff alleges DBNTC is the trustee for AHMAT 2007-3, the second loan note holder. *See* Dkt. 1 at 3. Second, Plaintiff alleges that Mr. Misch

> mailed his request for information to . . . [DBNTC] on December 8, 2023 [sic] requesting copies of any documentation showing what beneficial interests were transferred and to whom, confirmation that [Mr. Misch]'s loan was in fact part of securitized trust AHMAT 2007-3, and the names and contact information for any successor records custodian for AHMAT 2007-3. No response from DBNT was received.

*Id.* at 9. Because each cause of action exclusively discusses allegations as to RTR, it is not clear which claims Plaintiff brings against DBNTC or on what grounds.

Assuming, as the Court must at this posture, that DBNTC is the trustee for AHMAT 2007-3 and failed to respond to Plaintiff's inquiry, those allegations fail to push Plaintiff's claims of wrongdoing from possible to plausible. *See Iqbal*, 556 U.S. at 678. Regarding Mr. Misch's requests for information, Plaintiff concedes in his Response that DBNTC did not have a duty under RESPA to respond to Mr. Misch's inquiries itself. *See* Dkt. 61 at 13–14. Plaintiff does not point to any other act or omission by DBNTC or allege a legal relationship between DBNTC and RTR that supports an inference that DBNTC is liable for the allegedly concealed split loan, RTR's alleged efforts to collect time-barred debt, or the ramifications Mr. Misch suffered because of the lien. Plaintiff's assertion that "[w]henever . . . [the Complaint] references any act of any defendant(s), that allegation shall mean that each defendants [sic] acted individually and jointly with the other defendant[]" is wholly conclusory and fails to remedy the factual deficit.

Dkt. 1 at 3.  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation[,]" yet that is all the Complaint contains regarding DBNTC.  *Iqbal*, 556 U.S. at 678

(citing *Twombly*, 550 U.S. at 555).

In his Response, Plaintiff attempts to address the paucity of allegations against DBNTC

by clarifying that he alleges an agency relationship between DBNTC and RTR.[1]  *See* Dkt. 61 at

1, 8–9; Dkts. 61-5, 61-6.  However, the Complaint contains allegations that contradict Plaintiff's

new theory.  Plaintiff alleges that

> [a] notice of transfer of servicing or collection rights to RTR associated with [Mr.
> Misch's] residential second loan was never provided to [Mr. Misch]. By
> providing a deficient response, RTR deprived [Mr. Misch] of the ability to verify
> whether the creditor or loan owner assigned and transferred to RTR any authority
> to collect [Mr. Misch's] loan debt.

Dkt. 1 at 31.  Plaintiff also alleges that "RTR . . . self-delegated themselves to be the debt

collector/servicing agent[]" and "claimed servicing assignment from a defunct and bankrupt

entity."  *Id.* at 13, 27.  These allegations, taken as true, posit that DBNTC played no role in

retaining RTR to service the second loan.  Because the Complaint does not allege that an agency

relationship exists, the Court finds no grounds to impute RTR's alleged acts and omissions to

DBNTC.

One final point merits mention.  Plaintiff represents that he joined DBNTC as a required

party under Federal Rule of Civil Procedure 19 because AHMAT 2007-3's interests could be

impacted by this action.  *See id.* at 3 (citing Fed. R. Civ. P. 19).  Nothing in the Complaint

indicates that the Court cannot accord Plaintiff complete relief in DBNTC's absence.  *See* Fed.

---

[1] Plaintiff relies on documents from outside the pleadings in his Response.  *See* Dkts. 61-1–61-6.  However, reliance on material from outside the pleadings is not appropriate at this juncture, and Plaintiff does not establish that the Court may take judicial notice of his exhibits.  *See Mauia*, 5 F.4th at 1071; Fed. R. Civ. P. 12(d).  If Plaintiff has discovered new information or documents that support his claims, it is properly deployed through an amendment to his Complaint, not his Response.

R. Civ. P. 19(a)(1)(A). Plaintiff only seeks damages, not a remedy that could impair any interest DBNTC and AHMAT 2007-3 have in the second mortgage. *See* Dkt. 1 at 39–43; Fed. R. Civ. P. 19(a)(1)(B)(i). Nor is there indication that disposing of the action in DBNTC's absence may expose RTR to multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). As such, the Court does not presently have grounds to find DBNTC is a required party.

IV.     <u>CONCLUSION</u>

Because the Complaint does not contain facts sufficient to state a claim against DBNTC, the Court GRANTS the motion at Docket No. 57. This case is DISMISSED as to DBNTC without prejudice. Plaintiff has until October 13, 2025, to move to amend his Complaint if desired. *See* Dkt. 60.

Dated this 8th day of September, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING DISMISSAL AS TO
DEUTSCHE BANK NATIONAL TRUST
COMPANY - 7