John Joseph  (admitted pro hac vice)
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Phone 215.252.9576
Fax 215.867.6070
john.joseph@hklaw.com

James P. Laurick, WSBA No. 33320
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
2701 NW Vaughn Street, Suite 780
Portland, Oregon 97210
Telephone: (971) 634-1132
Fax: (503) 222-5290

Attorneys for Defendant Real Time Resolutions, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| FELIX G. MISCH,<br><br>            Plaintiff,<br><br>   v.<br><br>REAL TIME RESOLUTIONS, INC.,<br><br>            Defendants. | Case No.2:24-cv-00936-SKV<br><br>**DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**Oral Argument Requested** |

## I.    INTRODUCTION

Plaintiff has presented a half dozen claims against Real Time Resolutions, Inc.("RTR") that should be dismissed, in whole or in part, primarily because those claims are untimely, but also because they fail as a matter of law.  Nothing in Plaintiff's opposition ("Opposition" or "Oppo.") changes this fact.

/ / /

Page 1 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON  97210
(503) 224-0055 · FAX (503) 222-5290

1    As a preliminary matter, the Opposition concedes many of RTR's arguments by failing to address them. Most significantly, Plaintiff concedes that he had constructive notice of the at issue loan (the "Junior Loan") because the associated deed of trust was recorded in 2007 and remains so to date. This is, of course, in addition to actual notice evidenced by Plaintiff's execution of the deed of trust in 2007. Despite undisputed actual and constructive notice, Plaintiff continues to assert that he only learned of the Junior Loan in July 2021 because RTR somehow concealed the loan's existence. He continues to assert that this purported concealment entitles him to pursue claims all the way back to 2007 and origination of the Junior Loan, even though RTR had no association with the loan at that time. These continued assertions are simply not credible and all of Plaintiff's arguments premised upon late "discovery" of a loan he signed almost 20 years ago—or on any implausible concealment theory—fail.

As set forth more fully below, Plaintiff's arguments that all of his claims are timely, and his substantive arguments that all of his claims are sufficiently pled, fail. Therefore, the Court should grant RTR's motion for judgment on the pleadings and dismiss Plaintiff's claims.

## II.    ARGUMENT

A.    <u>Plaintiffs' Concessions</u>

As a preliminary matter, Plaintiff's Opposition concedes, either expressly or by failing to oppose, multiple arguments in RTR's Motion. (*See generally* Oppo.).

Plaintiff has completely ignored RTR's arguments that he had constructive notice due to the deed of trust being recorded in 2007. (*See generally* Oppo.). Plaintiff makes no argument that constructive notice is insufficient to defeat his "concealment" allegations. (*Id.*) Therefore, he has conceded constructive notice of the Junior Loan. (Motion at 5-6). For this reason alone, the Court should enter judgment on the pleadings on all the claims based on the meritless concealment allegations, including Plaintiff's first and third counts of his Washington Consumer Protection Act ("CPA") claim based upon "nondisclosure of the second loan." (Compl. ¶¶ 4.16, 4.46). Other claims allege that this purported concealment led to a denial of a reverse mortgage

Page 2 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

1  application and increased the balance of the Junior Loan.  (*Id.,* ¶¶ 4.33(a) (CPA claim); 4.64
2  (CPA claim); 4.77(a) (Fair Debt Collection Practices Act ("FDCPA") claim); 4.104(a) (Real
3  Estate Settlement Practice Act ("RESPA") claim); 4.117(a) (Truth in Lending ("TILA") claim))
4  (collectively, with the first and third counts of the CPA claim, the "Concealment Claims.").
5  Because Plaintiff has conceded constructive notice, the Court should enter judgment in RTR's
6  favor on each of the Concealment Claims.  *See e.g. Fontana v. City of Fed. Way*, No. C11-998
7  RAJ, 2013 WL 12066144, at *1 (W.D. Wash. Sept. 25, 2013) (holding claims were properly
8  dismissed for failure to oppose).
9        RTR also argued that any claim for violation of the CPA, based upon the Washington's
10 Distressed Property Conveyances Act ("DCPA")—called the "Equity Skimming Statute" by
11 Plaintiff—fails.  Plaintiff failed to address RTR's arguments regarding the DCPA and therefore
12 concedes that his claims for violation of the CPA based upon violations of the DCPA should be
13 dismissed.  *Fontana,* 2013 WL 12066144, at *1.
14       Additionally, Plaintiff does not oppose RTR's argument that there is no private cause of
15 action for purported violations of 15 U.S.C. § 1639a of TILA.  (Oppo. at 15-17).  Instead, he
16 attempts to create a duty to provide monthly statements forever, even after the final billing cycle.
17 (*Id.*).  RTR will address these periodic statement arguments in Section II(B)(4).  However, by
18 failing to address RTR's argument, he has conceded that no private action exists under Section
19 1639a, and that any claims under that Section should be dismissed.
20       Finally, Plaintiff has conceded multiple elements of RTR's arguments that his claims are
21 time-barred as will be discussed below.  (*See infra* § II(B)).

22 B.    <u>Plaintiff's Claims are Time-Barred</u>

23       RTR has argued that Plaintiff's claims are time-barred.  (Motion at 10) (CPA); (*Id.* at 11-
24 12) (FDCPA); (*Id.* at 13-14) (RESPA); (*Id.* at 14-15) (TILA); (*Id.* at 16) (Negligence); (*Id.* at 18)
25 (Slander of Title).
26 / / /

Page 3 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON  97210
(503) 224-0055 · FAX (503) 222-5290

1    As set forth above in Section I(A), Plaintiff has completely ignored RTR's arguments regarding constructive notice, thereby conceding that that he had constructive notice of the Junior Loan, due to the Deed of Trust he executed being recorded in 2007. (Motion at 5-6).

Rather than addressing constructive notice, Plaintiff focuses only on actual notice (which he also had). (*See generally* Oppo.). He argues that all his claims are timely—even those related to the origination <u>in 2007</u>—because he allegedly did not learn of the Junior Loan until July 2021. (*Id.*). Such a contention cannot stand, as Plaintiff had actual and constructive notice of the Junior Loan, and any of Plaintiff's claims that purport to rely on the discovery rule or purported concealment arguments fail because they are untimely.

1.    **Plaintiff's CPA Claims Based upon Occurrences Prior to June 26, 2021 Are Untimely**

As to the CPA claim, Plaintiff again argues that he only discovered the Junior Loan in 2021 and that other alleged omissions by RTR "such as the failure to provide statements" more recently can be a basis to find his CPA claim timely. (Oppo. at 12-13).

Plaintiff relies upon the cases of *Killian v. Seattle Pub. Schs.*, 189 Wn.2d 447, 454 (2017), and *Hibbard v. Gordon, Thomas, Honeywell, Malanca & O'Hern*, 118 Wn. 2d 737, 749-750 (1992), for general statements regarding the discovery rule. (Oppo. at 12). These cases <u>did not</u> apply the discovery rule to the CPA. *Hibbard*, 118 Wash. 2d at 753 (declining to apply the discovery rule and holding "that the negligence action against the State was barred by the 3-year statute of limitations"); *Killian*, 189 Wash. 2d at 450 (finding petitioner's CPA claims timely because they were subsumed within their duty of fair representation claim, not because of the discovery rule). Because these cases are distinguishable, they offer no support to Plaintiff's arguments that the discovery rule salvages his CPA claim.

Plaintiff also relies upon the case of *Mayer v. Sto Indus. Inc.*, 123 Wn. App. 443, 463 (2004), *reversed in part on other grounds*, 156 Wn.2d 677 (2006), for the proposition that the discovery rule applies to CPA claims specifically. (Oppo. at 12). However, the facts of *Mayer*

Page 4 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

are distinguishable.  In *Mayer,* homeowners brought claims alleging product defects.  *Mayer*, 123 Wash. App. at 450-54.  Defendant argued that because plaintiffs admitted they saw rust on the siding in 1990, plaintiffs knew about the damage in 1990 thus precluding their claims brought later.  *Id*. at 463.  The Court applied the discovery rule noting that discovery of the rust in 1990 was insufficient for plaintiffs to suspect products defects, and they only learned the product was defective in 1994 when they discovered dry rot.  *Id*.  Unlike in *Mayer*, where defendants attempted to infer knowledge of a product defect from the appearance of one symptom, Plaintiff had actual and constructive knowledge of the Junior Loan since 2007 (having serviced the loan for years before defaulting). (Motion at 5-6).  He did nothing to cure his default or raise any claims until almost 17 years later. (*See generally* Compl.).  The statute of limitations for damages claims brought under the CPA is four years.  *See* RCW 19.86.120.  Therefore, any claims based upon violation of the CPA that occurred prior to June 26, 2021, must fail and Plaintiff's arguments regarding the applicability of the discovery rule are unavailing.

    2.    **Plaintiff's FDCPA Claims Based upon July 2023 and January 2024 Letters Are Untimely**

As to the FDCPA claim, Plaintiff argues that his FDCPA claim is timely because RTR sent Plaintiff letters in July 2023 and January 2024 (the "Letters") that he alleges misrepresented the legal status of the debt. (Oppo. at 13).  Plaintiff characterizes these letters as constituting distinct violations of the FDCPA. (*Id*. at 14).  Plaintiff relies on *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1040 (9th Cir. 2023) in support of this argument.

However, as RTR set forth in the Motion, the *Brown* case acknowledges the principal that "later effects" of the prior conduct alleged of RTR and cannot state a claim under the FDCPA. (*See* Motion at 11-12).  In *Brown*, the Court found a new violation of the FDCPA where the defendant submitted an affidavit that "presented a new basis—not contained in the complaint—to show that the [related trust] owned the debts[.]"  *Brown*, 73 F.4th at 1040.  The Court also

Page 5 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON  97210
(503) 224-0055 · FAX (503) 222-5290

1   found that where defendant served a complaint and thereafter filed it, the filing could be a new

2   violation of the FDCPA because the filing of a complaint "can cause new harm." *Id*. at 1045.

3   Despite Plaintiff's arguments to the contrary, the Letters did not present any new basis for

4   liability or cause him any additional harm. (*See generally* Compl.). Rather, any subsequent

5   communication reasserting the same allegedly fraudulent mortgage balance was merely a "later

6   effect" of the prior conduct of RTR. *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658

7   Fed.Appx. 268, 273 (6th Cir. 2016) (finding no new violation of FDCPA for filing an objection

8   to bankruptcy plan based on interest in mortgage previously asserted); *see also*, *Dakowa v. MSW*

9   *Cap.*, *LLC*, No. CV 16-2753 ADM/FLN, 2017 WL 662975, at *4 (D. Minn. Feb. 17, 2017)

10  (finding plaintiff was "not deceived or abused anew each time Defendants repeated these alleged

11  deceptive statements").

12       Therefore, any FDCPA claims premised upon the Letters, must fail and Plaintiff's

13  FDCPA claim should be dismissed as untimely.

14       3.   **Plaintiff's RESPA Claim Is Untimely and Plaintiff Has Not Argued Otherwise**

15       RTR argued any claim for violation of Section 2605(a) of RESPA based upon an alleged

16  failure to disclose at origination in 2007 was time-barred because Plaintiff had constructive and

17  actual notice of the Junior Loan in 2007. (Motion at 13-14). As mentioned above, Plaintiff has

18  presented no argument that his RESPA claim is timely, arguing only the merits of the claim.

19  (Oppo, at 14-15). Thus, he has conceded that his claim is time-barred.

20       4.   **Plaintiff's TILA Claim is Untimely**

21       In Opposition to RTR's arguments that his TILA claims are time-barred, Plaintiff makes

22  two arguments: (1) that there was a duty to provide monthly statements even after the final

23  billing cycle; and (2) that equitable tolling applies to TILA claims where a "borrower did not

24  have a reasonable opportunity to discover the nondisclosures that form the basis of the TILA

25  action." (Oppo. 15-17) (citations and quotations omitted).

26  / / /

Page 6 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

1   As to Plaintiff's first argument, RTR argued in its Motion that the Junior Loan's last
2   payment was due April 1, 2022, and the last periodic statement would have been required to be
3   sent no later than April 2022. (Motion at 15). Plaintiff asserts that "12 C.F.R. §1026.41(a)(2)
4   does not specifically state that the requirement to provide periodic statements stops at maturity
5   but instead requires statement for every 'billing cycle.'" (Oppo. at 17). Therefore, Plaintiff
6   reasons, he can state a claim for violation of TILA based upon a purported failure to send billing
7   statements until the end of time. (*Id.*). Notably, Plaintiff offers no case law supporting his
8   theory that "billing cycles" continue after the date the last payment was due and does not attempt
9   to distinguish RTR's cases that contradict his claim. *See Alphonso v. Real Time Resols., Inc.*,
10  2023 WL 3794502, at *2-4 (N.D. Cal. June 26, 2023) (citing 12 C.F.R. § 1026.41(a)(2) (once the
11  loan's maturity date passed, the loan had no further 'billing cycles' and therefore no periodic
12  statements were required.").
13  Plaintiff also asserts that "[i]n a different part of the statute, 12 C.F.R. §1026.41(e)(6)
14  provides that the obligation to send a periodic statement resumes to a charged off mortgage when
15  the servicer charges additional interest or fees on the account." (Oppo. at 17). However, this
16  Section governs exemptions to the requirement to send periodic statements and allows a servicer
17  to *cease* sending the required periodic statements by sending a final statement. *See* 12 C.F.R.
18  §1026.41(e)(6) (requiring, among other things, that servicer provide notice that "the servicer will
19  no longer provide the consumer a periodic statement for each billing cycle"). Far from
20  mandating endless statements, Section 1026.41(e)(6), actually concerns the end of the obligation.
21  Because Plaintiff can offer no support for his novel contention that there is an unending
22  duty to send periodic statements, and because case law and regulations support the contrary, he
23  can make no timely TILA claim based upon failure to send statements after the last payment was
24  due, requiring dismissal of the claim.
25  As to Plaintiff's second argument, that equitable tolling applies to TILA claims where a
26  borrower did not have a reasonable opportunity to discover the nondisclosures, this argument

Page 7 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

1  also fails because, as set forth at length in the Motion, Plaintiff had an opportunity to review the
2  Junior Loan disclosures when he executed them. (Motion at 5). Plaintiff has not, and cannot,
3  credibly allege that the Junior Loan documents were concealed from his such that he could not
4  review them. (*Id*. at 5-6).

5  Regardless of whether the Court finds the claim timely, the claim must fail as to RTR
6  (the sole remaining defendant) as a mere loan servicer is not liable under TILA. (Opposition at
7  2); *Greer v. Ocwen Loan Servicing LLC*, No. C13-5964 RBL, 2014 WL 1593355, at *3 (W.D.
8  Wash. Apr. 21, 2014) ("Servicers of consumer obligations are not liable under TILA unless they
9  are also the owner of the obligation.").

10  5.  **Plaintiff's Negligence Claim is Untimely**

11  RTR argued any Negligence claim "for allegedly negligent conduct that occurred prior to
12  June 26, 2021, is barred by the statute of limitations." (Motion at 16). Plaintiff has presented no
13  argument that occurrences prior to this date can be the basis for his Negligence claims. (*See*
14  *generally* Oppo.). Instead, he argues that his Negligence claim is timely because it is based upon
15  his claims that "RTR's conduct prevented him from refinancing or obtaining a reverse mortgage" in
16  July 2021, as well as purported failures allegedly occurring after June 26, 2021. (Oppo. at 18-19).
17  Thus, Plaintiff has conceded that any Negligence claims based on occurrences before June 26, 2021
18  are time-barred and cannot proceed.

19  6.  **Plaintiff's Slander of Title Claim is Untimely**

20  RTR argued any Slander of Title claim is time-barred because the Deed of Trust was
21  recorded in 2007 and remained publicly recorded since, rendering the claim beyond the
22  limitations period. (Motion at 18). Plaintiff argues that he first learned of his injury in July 2021
23  because he was unaware of the existence of the Junior Loan until that time when his reverse
24  mortgage was purportedly denied. (Oppo. at 20). Plaintiff has presented no legal support for the
25  proposition that a Slander of Title claim accrues at the time of an injury. (See generally Oppo.).
26  This is because the majority rule is that the statute of limitations begins to run on the date of

Page 8 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

publication, rather than from the time an injury is sustained.  *See e.g. Old Plantation Corp. v. Maule Indus.*, Inc., 68 So. 2d 180, 183 (Fla. 1953) (the "filing of the notice of lien by the appellees . . . was the tort which gave rise to the action and the date the tort was committed marked the point the statute began to run."); *King v. Miller*, 35 Ga. App. 427, 133 S.E. 302, 302 (1926) ("In an action for false, slanderous, and malicious words impugning the title to the plaintiff's lands . . . the right of action accrues to the plaintiff upon the doing of the act complained of"); *Walley v. Hunt*, 212 Miss. 294, 301, 54 So. 2d 393, 394 (1951) ("the slanderous matter complained of was communicated to 'prospective purchasers' during the month of October, 1948.  That was the date of the first publication and the date the cause of action accrued.").

Plaintiff cites to *Mayer v. Huesner*, 126 Wn.App. 114, 123 (2005) and *Killian v. Seattle Pub. Schs.*, 189 Wn.2d 447, 454 (2017) to support the general principle that the statute of limitations does not begin to run until the plaintiff knew or reasonably should have known of the slander and the resulting injury.  (Oppo. at 19).  However, neither of these cases involved a claim for Slander of Title.

As set forth at length in the Motion, Plaintiff had actual notice of the Junior Loan since 2007 when the deed of trust was recorded.  (Motion at 5-6).  Plaintiff concedes that he had constructive notice by not arguing otherwise.  (*See generally* Oppo.).  Because claims for Slander of Title accrue on the date of publication, rather when the remaining elements are met, his claim is time-barred.

C.   Plaintiff's Claims Fail for Other Reasons as a Matter of Law

Based upon Plaintiff's concession and the timeliness arguments set forth in Section II(B), the Court need not review any further and can dismiss Plaintiff's claims on these bases alone.  In addition, Plaintiff's substantive arguments in his Opposition fail as set forth below.

///

///

Page 9 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON  97210
(503) 224-0055 · FAX (503) 222-5290

1. **Plaintiff's CPA Claim Fails Because Plaintiff Has Not Alleged Unfair or Deceptive Acts by RTR Based Upon Concealment or at the Time of Origination.**

In its Motion, RTR argued that Plaintiff failed to plead several elements of a claim for violation of the CPA, including that Plaintiff had not plausibly alleged any unfair or deceptive acts with respect to the origination of the loan or based upon purported concealment. (Oppo. at 8-9).

As to unfair or deceptive acts, Plaintiff does not address RTR's argument that his CPA claims cannot be premised upon the Junior Loan's origination. (Oppo. at 5-9). Instead, he attempts to rehabilitate his concealment arguments and point to allegations that RTR sent purportedly misleading communications allegedly misrepresenting the legal status of the debt after certain payments allegedly lapsed outside of the statute of limitations. (Oppo. at 8). As to his concealment arguments, Plaintiff cannot credibly allege that he had no actual notice of the Junior Loan because he executed the associated deed of trust in 2007. (Motion at 5-6). He does not even address RTR's constructive notice arguments and therefore concedes them. (*See supra* § I(A)). Plaintiff's arguments regarding purportedly misleading communications sent after June 26, 2020 do not help to salvage his claims based upon origination. The failure to establish even one CPA element is fatal to a plaintiff's claim. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784, 719 P.2d 531, 535 (1986). Therefore, Plaintiff's CPA claims based upon purported concealment, purported acts at the time of origination, or alleged acts or omissions before June 26, 2020 should be dismissed.

2. **Plaintiff's RESPA Claim Fails Because Plaintiff Fails to Plead Damages and Alleged Conduct Is Not Actionable**

In its Motion, RTR argued that Plaintiff failed to plead cognizable damages and, alternatively that some of the alleged conduct is not actionable. (Oppo. at 8-9).

///

Page 10 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

1        As to the lack of damages, Plaintiff argues that postage has been recognized as damage

2 under RESPA, citing to *Tate v. Freedom Mortg. Corp.*, No. 6:22-cv-01922-AA, (D. Or. Nov. 17,

3 2023). However, the *Tate* court recognized that postage for sending an initial inquiry pursuant to

4 RESPA is not a cognizable damage because it cannot be said to have been incurred as a result of

5 the RESPA violation. *Id. citing Fowler v. Bank of Am., Corp.*, 747 F. App'x 666, 671 (10th Cir.

6 2018) (unpublished decision) ("[I]f [defendant's] nonresponse or inadequate response prompted

7 [plaintiffs] to resend a [request], then the costs of preparing the subsequent [request] are indeed

8 traceable to the violation."). Rather, if one is required to send a *subsequent* inquiry because the

9 response to the first was deficient, the postage for the subsequent inquiry may constitute

10 damages under RESPA. *Id*. Here, Plaintiff sent only one inquiry under RESPA and avers the

11 second was "a request to inspect records as RTR had invited," not a follow up to the allegedly

12 untimely response. (Compl. ¶ 4.89). Thus, Plaintiff's mere postage damages are not cognizable

13 under RESPA.

14        Plaintiff also cites *Bryce v. Lawrence (In re Bryce)*, 491 B.R. 157, 181 (Bankr. W.D.

15 Wash. 2013) for the proposition that fees paid to an attorney to prepare a RESPA inquiry are

16 cognizable damages. (Oppo. at 14). However, Plaintiff did not pay an attorney to prepare his

17 request, he prepared it himself. (Compl. ¶ 4.90) ("Plaintiff's actual damages include . . . his own

18 time to prepare his requests for information"). Plaintiff also generally cites to *TransUnion LLC*

19 *v. Ramirez*, 594 U.S. 413, 417, 141 S. Ct. 2190, 2200, 210 L. Ed. 2d 568 (2021) alleging that his

20 purported damages "directly satisfy RESPA's actual damages [requirement] and constitute

21 concrete injuries satisfying Article III standing." (Oppo. at 15). However, *Ramirez* did not

22 consider RESPA damages and only dealt with Article III standing generally and as it relates to

23 the Fair Credit Reporting Act. *See generally Ramirez*, 594 U.S. 413.

24        RTR also argued that Plaintiff's own exhibit defeats his Section 2605(c) claim by

25 allegedly failing to notify him of the service transfer, because those exhibits confirm that the

26 letter was sent which is all RESPA requires. (Motion at 13). Plaintiff counterargues that RTR

Page 11 – DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

1  has not established that the letter was sent or received, which is a question of fact.  (Oppo. at 15).

2  However, Plaintiff ignores the statements of Randall Lowell in his exhibits.  Specifically,

3  Mr. Lowell stated "RTR sent a letter to Plaintiff dated 5/11/2011[.]"  (See *See* ECF No. 7, ¶ 26).

4  Aside from the obvious conclusion that Plaintiff possesses the letter so it must have been sent

5  and received, this admission is binding on Plaintiff.  *See Bakke v. Clark Cnty. Jail,* No. 3:15-CV-

6  05713-BHS, 2015 WL 6032508, at *1 (W.D. Wash. Oct. 15, 2015) (confirming when exhibit

7  attached to a complaint contradicts an assertion in the complaint the exhibit trumps the allegation

8  in the complaint).  Therefore, any RESPA claims premised upon Section 2605(c) for failure to

9  send a servicer change notice must fail.

10      2.  **No Negligence Can Be Based Upon Concealment or at the Time of Origination**

12      In its Motion, RTR argued that Plaintiff failed to plead several elements of a claim for

13  Negligence, including that Plaintiff had not plausibly alleged damages based upon the purported

14  concealment of the Junior Loan because he had actual and constructive knowledge of the loan

15  and any damages were caused by a failure to pay.  (Motion. at 16).  Rather than counter RTR's

16  argument that the purported concealment could not have caused him damages, Plaintiff points to

17  other subsequent acts or omissions which he claims support a negligence claim.  (Oppo. at 18).

18  Therefore, any Negligence claims based upon the purported concealment or acts or omissions at

19  origination fail because Plaintiff has not argued to the contrary.

20      3.  **Plaintiff's Slander of Title Claim Fails Because Plaintiff Cannot Allege Falsity or Malice**

22      In its Motion, RTR argued that Plaintiff failed to plead several elements of a claim for

23  Slander of Title, including that there was no false statement that was maliciously published.

24  / / /

25  / / /

26  / / /

Page 12 –  DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON  97210
(503) 224-0055 · FAX (503) 222-5290

1   As a threshold matter, the claim must fail because RTR had no role in the origination or
2   recording of the deed of trust to be responsible for the alleged conduct in 2007.  Plaintiff's own
3   expert confirms RTR was not involved with the loan until 2011, defeating this claim.  *See*
4   ECF No. 7, ¶ 26.
5   Plaintiff also maintains that falsity and malice are "met when the slanderous statement is
6   not made in good faith or is not prompted by a reasonable belief in its veracity."  (Oppo. at 20)
7   (citing *Rorvig v. Douglas*, 123 Wash. 2d 854, 860, 873 P.2d 492, 496 (1994)).  Plaintiff contends
8   that RTR acted with falsity and malice by recording the deed of trust because it allegedly knew:
9   (1) Plaintiff had not agreed to the Junior Loan; (2) the loan would block Plaintiff's access to his
10  equity; and (3) it was not entitled to the balance as some portion was outside of the statute of
11  limitations. (Oppo. at 20-21).  The third contention clearly fails because no statute of limitations
12  could have possibly run at the time the deed of trust was recorded in 2007.  The Court should
13  reject Plaintiff's other two contentions as well because, contrary to Plaintiff's unsupported
14  assertions otherwise, Plaintiff executed the deed of trust and is presumed to have known the
15  contents of that which he was executing.  (*See* Motion at 5-6).  Plaintiff has conceded that he had
16  constructive notice and it is undisputed that he took no action to address the Junior Loan, such as
17  by moving to quiet the title or invalidate the loan on the basis of fraud.  (*Id*. at 5-6, 18).
18  Therefore, any unsupported argument that RTR did not have a reasonable belief in the deed of
19  trust's veracity, or recorded it in bad faith, fails.  Because Plaintiff has not pled falsity and
20  malice, his Slander of Title claim fails and should be dismissed.

21                              **III.   CONCLUSION**

22  For the reasons detailed above, RTR respectfully requests that this Court grant its Motion
23  for Judgment on the Pleadings and dismiss Plaintiff's claims.
24  / / /
25  / / /
26  / / /

Page 13 –  DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN
SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON  97210
(503) 224-0055 · FAX (503) 222-5290

I certify that this memorandum contains 4,205 words, in compliance with the Local Civil Rules.

DATED:  January 16, 2026

                                        KILMER VOORHEES & LAURICK, P.C.


                                        */s/ James P. Laurick*
                                        James P. Laurick, WSBA No. 33320
                                        jlaurick@kilmerlaw.com
                                        2701 NW Vaughn Street, Suite 780
                                        Portland, Oregon 97210
                                        Phone No.: (971) 634-1132
                                        Fax No.: (503) 222-5290

                                        John Joseph  (admitted pro hac vice)
                                        Holland & Knight LLP
                                        1650 Market Street, Suite 3300
                                        Philadelphia, Pennsylvania 19103
                                        Phone 215.252.9576
                                        Fax 215.867.6070
                                        john.joseph@hklaw.com


                                        Attorneys for Defendant Real Time Resolutions, Inc.

Page 14 –  DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON  97210
(503) 224-0055 · FAX (503) 222-5290

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2    I certify that on this 16th day of January, 2026, the foregoing **REAL TIME**

3    **RESOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON**

4    **THE PLEADINGS** be served in accordance with the Court's CM/ECF system which will send

5    notification of such filing by notice via email to the ECF participants of record a true copy of the

6    foregoing document.

7

8                                                KILMER VOORHEES & LAURICK, P.C.

9

10                                               */s/ James P. Laurick*
                                                 James P. Laurick, WSBA No. 33320
11                                               jlaurick@kilmerlaw.com
                                                 2701 NW Vaughn Street, Suite 780
12                                               Portland, Oregon 97210
                                                 Phone No.: (971) 634-1132
13                                               Fax No.: (503) 222-5290
                                                 Attorneys for Defendant Real Time Resolutions,
14                                               Inc.
                                                 M:\11480\0001\Pleadings\2026-0116 - RTR's Reply ISO MJOP.docx
15

16

17

18

19

20

21

22

23

24

25

26

Page 1 –   CERTIFICATE OF SERVICE